08-3687-ag
Ramsaran v. Holder

BIA
Nelson, IJ
A097 532 772
A097 532 888

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand ten.

PRESENT:
>          DENNIS JACOBS,
>                 *Chief Judge,*
>          ROGER J. MINER,
>          GERARD E. LYNCH,
>                 *Circuit Judges.*

_____

GOBERDHAN RAMSARAN, DONNA SEECHARAN,
>          *Petitioners,*

>          v.                                    08-3687-ag
>                                                NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,[1]
>          *Respondent.*

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONERS:**   Visuvanathan Rudrakumaran, New York, New York.

**FOR RESPONDENT:**   Tony West, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Tim Ramnitz, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Goberdhan Ramsaran and Donna Seecharan, both natives and citizens of Trinidad and Tobago, seek review of a June 26, 2008 order of the BIA affirming the February 19, 2008 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying their applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ramsaran and Seecharan*, Nos. A097 532 772/888 (B.I.A. June 26, 2008), *aff'g* Nos. A097 532 772/888 (Immig. Ct. N.Y. City Feb. 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen*

*v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination.[2] As the IJ found, Ramsaran's testimony conflicted with Seecharan's. Ramsaran testified that he had a fight with a police officer one night and was arrested the evening of the next day, whereas Seecharan testified that the altercation occurred during the day, and that Ramsaran was arrested the evening of that same day. The agency had authority to rely on this discrepancy in finding Petitioners not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Having called Petitioners' testimony into question, the IJ reasonably drew an adverse inference from their failure to provide any evidence corroborating their claim. *See Biao*

---

[2] There is no merit to Petitioners' argument that the agency applied an inappropriately stringent standard or that the BIA failed to make a credibility determination. To the contrary, the IJ made an adverse credibility determination, applying the proper standard, and the BIA affirmed that determination.

*Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Furthermore, the IJ reasonably declined to credit Petitioners' explanations for the absence of such evidence. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Since Petitioners' claims for withholding of removal and CAT relief were based on the same factual predicate, the adverse credibility determination in this case necessarily precludes success on those claims. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we need not reach the IJ's alternative burden of proof findings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4